Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| ESPADA, MIÑANA & PEDROSA LAW OFFICES, PSC<br><br>Demandantes<br><br>v.<br><br>JUAN FÉLIX TRINIDAD, Y OTROS<br><br>Demandados | TA2025AP00212 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm. BY2021CV03932<br><br>Sobre:<br>Daños y Perjuicios |
|---|---|---|
| ERIC QUETGLAS JORDÁN<br><br>Demandante contra Tercero-Apelante<br><br>v.<br><br>LUIS MIÑANA RODRÍGUEZ-FEO, JUAN R. DÁVILA DÍAZ<br><br>Demandados contra Terceros-Apelados | | |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Rivera Marchand y la Juez Aldebol Mora

Domínguez Irizarry, Juez Ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 29 de agosto de 2025.

Comparece ante nos la parte peticionaria, el licenciado Eric Quetglas Jordán (en adelante, parte peticionaria o Quetglas Jordán), y nos solicita la revisión de la *Resolución Interlocutoria* emitida el 27 de junio de 2025, notificada el 30 de junio de 2025, por el Tribunal de Primera Instancia, Sala de Bayamón. Mediante esta, el Foro Primario declaró *No Ha Lugar* la solicitud de desestimación presentada por la parte peticionaria.

Por los fundamentos que expondremos a continuación, se *deniega* la expedición del auto solicitado.

Número Identificador

RES2025 _____

**I**

El presente recurso constituye la tercera comparecencia de la parte peticionaria ante nos. En virtud de ello y a fin de ceñirnos al asunto que estrictamente nos compete, hacemos referencia a los hechos del caso según expuestos en los siguientes dictámenes: KLCE202500452 y KLCE202500470.

Luego de que adviniera final y firme la *Sentencia Sumaria Parcial*,[1] la cual desestimó con perjuicio la reconvención, así como la demanda contra tercero presentada por el licenciado Quetglas Jordán, el 6 de junio de 2025, la parte peticionaria presentó ante el Tribunal de Primera Instancia una *Moción Solicitando Desestimación por Duplicidad de Procedimientos*.[2] En esta, el licenciado Quetglas Jordán sostuvo que las partes en el presente pleito eran las mismas que en el caso SJ2020CV07023, el cual, alegadamente, trataba sobre idénticas controversias de hecho y derecho. Además, planteó que existía una reclamación ante el *Financial Industry Regulatory Authority* (FINRA), sobre las mismas alegaciones expuestas en la demanda. Por ello, el licenciado Quetglas Jordán solicitó la desestimación del presente caso.

El 19 de junio de 2025 la parte recurrida, Espada, Miñana & Pedrosa Law Offices, PSC (en adelante, EMP o parte recurrida), se opuso a la desestimación.[3] En síntesis, EMP alegó que las reclamaciones de la parte peticionaria consistían en una nueva solicitud de reconsideración, cuyo término ya había transcurrido. Adujo que los planteamientos de la parte peticionaria fueron atendidos previamente por el Foro Primario, por lo que su solicitud era frívola e inmeritoria. Igualmente, negó que existiese duplicidad de los procedimientos.

---

[1] Apéndice del recurso, págs. 41-60.
[2] *Íd.*, págs. 61-69.
[3] *Íd.*, págs. 163-168.

Así las cosas, el 27 de junio de 2025, el Foro Primario emitió la *Resolución Interlocutoria* recurrida, mediante la cual declaró *No Ha Lugar* la petición de desestimación.[4] Inconforme, el 29 de julio de 2025, la parte peticionaria presentó el recurso de *certiorari* ante nos, en el cual hace el siguiente señalamiento de error:

> El TPI incurrió en un error manifiesto de derecho cuando denegó la Solicitud de Desestimación.

Luego de examinar el expediente de autos, estamos en posición de disponer del asunto en controversia.

## II

Sabido es, que el recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 847 (2023); *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020); *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728 (2016); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012). Mediante la presentación de un recurso de *certiorari* se pretende la revisión de asuntos interlocutorios que han sido dispuestos por el foro de instancia en el transcurso y manejo del caso que atienden. Distinto al ejercicio de sus funciones respecto a un recurso de apelación, el tribunal al que se recurre mediante el vehículo procesal del recurso de *certiorari* tiene discreción para atender el asunto planteado, ya sea expedir el auto solicitado o denegarlo. *800 Ponce de León v. AIG,* supra; *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 593 (2011); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005).

---

[4] *Íd.,* pág. 169.

La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional. Estos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, págs. 68-69, 215 DPR ___ (2025).

Ahora bien, la correcta consecución de la justicia necesariamente conlleva reconocer a los juzgadores de los foros primarios un amplio margen de deferencia respecto al ejercicio de sus facultades adjudicativas dentro del proceso que dirigen. De ahí la premisa normativa que califica la tramitación de los asuntos en el tribunal primario como una inherentemente discrecional del juez. Siendo así, y sin apartarse de los preceptos pertinentes al funcionamiento del sistema judicial, el adjudicador concernido está plenamente facultado para conducir el proceso que atiende conforme le dicte su buen juicio y discernimiento, siempre al amparo del derecho aplicable. *In re Collazo I,* 159 DPR 141, 150 (2003). Cónsono con ello, sabido es que los tribunales apelativos no "deben intervenir con determinaciones emitidas por el foro primario

y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción o en error manifiesto". *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018).

### III

En el caso ante nos, la parte peticionaria sostuvo que el Tribunal de Primera Instancia incidió al no desestimar el presente caso, al alegar que existe una duplicidad de procedimientos. Habiendo examinado el referido planteamiento, *denegamos* la expedición del auto solicitado.

Tras revisar el expediente ante nuestra consideración, no identificamos fundamento jurídico alguno que justifique revocar la determinación impugnada. No surge que el Tribunal de Primera Instancia haya incurrido en error manifiesto o ejercido de forma indebida en la discreción que le confiere nuestro estado de derecho. Por tanto, es nuestra apreciación que no se configura una excepción que nos permita apartarnos de la norma de abstención judicial que rige nuestra intervención.

Por ende, al amparo de lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos no expedir el auto que nos ocupa.

### IV

Por los fundamentos que anteceden, se *deniega* la expedición del recurso de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones